UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS H. OLIVA PAIZ,<br>　　　Plaintiff,<br>　v.<br>VOXELMAPS INC.,<br>　　　Defendant. | Case No. 25-cv-05640 NC<br><br>**ORDER TO SHOW CAUSE RE: NOTICE OF REMOVAL**<br><br>Re: Dkt. 1 |

　　　On July 3, 2025, Defendant Voxelmaps Inc. removed this case to this court from Santa Clara County Superior Court. Dkt. 1, Notice of Removal. The Notice asserts that federal jurisdiction is satisfied by diversity jurisdiction and that the procedural requirements of removal are all fulfilled. Dkt. 1. The Court requests additional information from Voxelmaps in support of its removal to federal court.

　　　As a starting point, the general statute governing removal, 28 U.S.C. § 1441, is "strictly construe[d] . . . against removal jurisdiction." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018) (citations and quotation marks omitted); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If a district court determines at any time that less than a preponderance of the evidence supports the right of removal, it must remand the action to the state court. *See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). The removing defendant bears the burden of overcoming the "strong presumption against removal jurisdiction." *Geographic*

*Expeditions*, 599 F.3d at 1107 (citation omitted).

One of the procedural requirements of the removal statutes is that the notice of removal "shall be filed within 30 days" after the receipt by the defendant of a copy of the initial pleading, or if the case stated by the initial pleading is not removable, then within 30 days after receipt of an amended pleading from which it may "first be ascertained" that the case is or has become removable. 28 U.S.C. § 1446(b)(2) & (3). Here, Voxelmaps asserts in the removal notice that it was served with the Action on May 27, 2025, and then with the First Amended Complaint on June 4, 2025. Dkt. 1 ¶¶ 1, 3. The removal notice was filed July 3, 2025. Dkt. 1. Voxelmaps asserts that its removal notice was timely because it was filed within 30 days after service of the First Amended Complaint. Dkt. 1 ¶ 13.

Voxelmaps is Ordered to Show Cause in writing filed by July 15, 2025, as to why it could not "first be ascertained" that the case was removable when it was served with the original complaint on May 27, 2025. In other words, explain how the removal was timely. Voxelmaps may also address whether this defect is jurisdictional or procedural. Although the burden is on the removing party, Paiz may file a response by July 22, 2025.

If removal was improper and procedural defects are not waived, the remedy is remand back to state court. 28 U.S.C. § 1447(c). A remand order may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

Dated: July 8, 2025

_____
NATHANAEL M. COUSINS
United States Magistrate Judge